## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **Donald Cipriano Mazariegos-Vicente,** ) | |
|     Petitioner, ) | |
| ) | |
| v.    ) | 1:22cv1369 (AJT/IDD) |
| ) | |
| **Woodson,** ) | |
|     Respondent. ) | |

### MEMORANDUM OPINION AND ORDER

Virginia inmate Donald Cipriano Mazariegos-Vicente ("Petitioner") has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his April 15, 2009 convictions in the Circuit Court of Stafford County, Virginia. [Dkt. No. 1]. On July 14, 2021, he filed his petition in the Western District of Virginia, Mazariegos-Vicente v. Woodson, No. 7:21cv400, the respondent was served and filed a Rule 5 Answer and Motion to Dismiss on March 18, 2022, petitioner was advised of his right to file a response in accordance as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. No. 16], and he filed a response entitled "Petitioner's Answer to Respondent's Motion to Dismiss" on March 30, 2022. [Dkt. No. 20]. On November 29, 2022, upon review of the petition and pleadings, the Western District determined that it was not a proper venue and transferred this matter to this Court. [Dkt. No. 23]. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition will be dismissed.

### I. Background

Petitioner is confined pursuant to a final judgment in the Circuit Court of Stafford County on April 15, 2009. In a jury trial Petitioner was convicted of rape, forcible sodomy, five counts of indecent liberties, six counts of attempted rape, and five counts of aggravated sexual battery.

The victim was his six-year-old niece. He was sentenced to 210 years in prison. (Case Nos. CR08-564-00, 01, 02, 03, 04, 05, 06, 07, 08, 09, 10, 11, 12, 13, 14, 15, 16, 17). He appealed his convictions to the Court of Appeals of Virginia and that court denied his appeal on November 12, 2009. (Record No. 0991-09-4). The Supreme Court of Virginia refused his subsequent petition for appeal on September 1, 2010. (Record No. 100758).[1]

Petitioner then filed a petition for writ of habeas corpus in the Circuit Court of Stafford County. (Case No. CL11-1432). The circuit court dismissed the petition on March 20, 2012 as untimely. Petitioner did not appeal the dismissal to the Supreme Court of Virginia.

On May 11, 2017, Petitioner filed a petition for writ of habeas corpus in this Court. Mazariegos-Vicente v. Clarke, No. 1:17cv543 (AJT/MSN), Dkt. No. 1 (E.D. Va. May 11, 2017). On June 30, 2017, the Court dismissed the federal habeas petition as untimely. Id., Dkt. at 7. The Fourth Circuit dismissed Petitioner's appeal of the June 30, 2017 dismissal on December 22, 2017. Mazariegos-Vicente v. Clarke, 707 F. App'x 155 (4th Cir. 2017).

On July 7, 2021, Petitioner filed a motion in the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2254. The Fourth Circuit denied the motion on August 5, 2021. [Dkt. No. 14-2 at 1].

## II. Analysis

"State prisoners are ... limited to one round of federal habeas review of their state court convictions, save in two narrow circumstances." Richardson v. Thomas, 930 F.3d 587, 594 (4th Cir. 2019). To obtain another round of review, a prisoner first must ask the relevant court of

---

[1] The relevant state court records from the circuit court (criminal and habeas), Court of Appeals of Virginia, and the Supreme Court of Virginia to be filed, were filed in the Western District [Dkt. Nos. 17, 21, 22], and the Western District transferred the state court records to this Court.

2

appeals to order the district court to consider the successive petition. See id. at 494–95 (citing 28 U.S.C. § 2244(b)(3)). The

> jurisdiction to consider the question of whether the prisoner has made a prima facie showing that he satisfies the requirements of § 2244(b)(2) rests exclusively with the federal courts of appeal. See 28 U.S.C. § 2244(b)(3). "[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez [v. Crosby], 545 U.S. [524,] 530; see also United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider [the] application...." Id. at 205.

Richardson, 930 F.3d at 594-595. Because Petitioner has already engaged in one round of federal habeas review, and he has not received permission from the Fourth Circuit to file a successive petition, this Court lacks jurisdiction to consider his current successive petition.[2]

Accordingly, it is hereby

**ORDERED** that respondent's motion to dismiss [Dkt. No. 12] is GRANTED and this successive § 2254 petition [Dkt. No. 1] be and is DISMISSED WITHOUT PREJUDICE to Petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition.

To appeal this decision, Petitioner must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal.

---

[2] In his opposition to the motion to dismiss, the Petitioner cites a letter from the Clerk of the Fourth Circuit dated August 19, 2021, which stated it had no pending matter in that court and that a review of the district court dockets indicated a writ was pending in the Western District, No. 7:21cv400. [Dkt. No. 20-1 at 1]. Petitioner acknowledges, however, that it is "true" the Fourth Circuit had entered an Order dated August 5, 2021 denying his motion to file a successive writ. [Dkt. Nos. 14-2 at 1; 20 at 1]. The Clerk's letter, which is not an order as required by 28 U.S.C. § 2244(b), did not "explain" the reasoning behind the August 5, 2021 order as Petitioner argues [Dkt. No. 20 at 1-2]; instead, since his motion had been denied on August 5, 2021, the Clerk's August 19, 2021 letter was simply stating a fact, which was there was nothing pending in the Fourth Circuit on August 19, 2021 because his motion had already been denied. See In re: Donald Mazariegos-Vicente, No. 21-201 (4th Cir. Aug. 5, 2021).

Petitioner must also obtain a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). This Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order to petitioner and counsel of record for the respondent, and to close this civil action.

December 28, 2022
Alexandria, Virginia

Anthony J. Trenga
Senior U.S. District Judge

4